UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| ROY J. JOHNSON, NANCY C. JOHNSON, ) | |
| ) | |
| AND ) | |
| ) | |
| MICHAEL AND RAVEN MCCARROLL, ) | |
| AS NEXT FRIENDS OF FELICITY GRACE ) | |
| MCCARROLL, a minor, ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | No. 2:09-CV-142 |
| ) | GREER/SHIRLEY |
| ELECTROLUX HOME PRODUCTS, INC., AND ) | |
| LOWE'S HOME IMPROVEMENT, LLC, ) | |
| ) | |
|     Defendants. ) | |

## ANSWER

Comes your Defendant, Electrolux Home Products, Inc., ("Electrolux") by and through counsel, and for its Answer to the Complaint, would state as follows:

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and therefore denies the same.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 and therefore denies the same.

3. It is admitted that Defendant Electrolux Home Products, Inc. is a corporation organized under the laws of the State of Delaware, and that it may be served with process through its registered agent in Tennessee, which is CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, Tennessee 37929 as alleged in Paragraph 3.

4. Paragraph 4 is directed to another defendant and thus requires no response. In the alternative, Defendant is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in Paragraph 4 and therefore denies the same.

5. It is admitted that Defendant Electrolux does business within the State of Tennessee and that this Court has personal jurisdiction over Electrolux as alleged in Paragraph 5. The remaining allegations of Paragraph 5 are directed to another defendant and thus require no response. In the alternative, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5 and therefore denies the same.

6. Defendant admits the allegations contained in paragraph 6 of the Complaint.

7. Paragraph 7 is directed to another defendant and thus requires no response. In the alternative, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 and therefore denies the same.

8. This Defendant has insufficient knowledge concerning what the Plaintiffs purchased on May 10, 2008 as alleged in Paragraph 8 and therefore denies the same. Defendant admits that it manufactured a Tappan Electric Range with model number TEF351EWD and serial number VF81682079.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and therefore denies the same.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 and therefore denies the same.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 and therefore denies the same.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 and therefore denies the same.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 and therefore denies the same.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 and therefore denies the same.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 and therefore denies the same.

**Claims Against Defendant Electrolux**

Strict Products Liability

16. Defendant incorporates by reference as if fully restated herein all of the preceding paragraphs of this Answer.

17. This Defendant denies the allegations contained in paragraph 17 of the Complaint and strict proof is demanded.

18. This Defendant denies the allegations contained in paragraph 18 of the Complaint and strict proof is demanded.

19. This Defendant denies the allegations contained in paragraph 19 of the Complaint and strict proof is demanded.

It is denied that Plaintiffs are entitled to any judgment under any theory.

### Negligence

20. Defendant incorporates by reference as if fully restated herein all of the preceding paragraphs of this Answer.

21. This Defendant denies the allegations contained in paragraph 21 of the Complaint and strict proof is demanded.

22. This Defendant denies the allegations contained in paragraph 22 of the Complaint and strict proof is demanded.

23. This Defendant denies the allegations contained in paragraph 23 of the Complaint and strict proof is demanded.

It is denied that Plaintiffs are entitled to any judgment under any theory.

### Breach of Express and Implied Warranties

24. Defendant incorporates by reference as if fully restated herein all of the preceding paragraphs of this Answer.

25. It is admitted that Defendant Electrolux "was doing business in Tennessee and put into the stream of commerce a certain electric range" as alleged in Paragraph 25. Defendant also admits that its product is "safe and fit for the uses and purposes intended…."

26. This Defendant denies the allegations contained in paragraph 26 of the Complaint and strict proof is demanded.

### Misrepresentation

27. Defendant incorporates by reference as if fully restated herein all of the preceding paragraphs of this Answer.

28. This Defendant denies the allegations contained in paragraph 28 of the Complaint and strict proof is demanded.

### Violation of Tennessee Consumer Protection Act

29. Defendant incorporates by reference as if fully restated herein all of the preceding paragraphs of this Answer.

30. This Defendant denies the allegations contained in paragraph 30 of the Complaint and strict proof is demanded.

31. This Defendant denies the allegations contained in paragraph 31 of the Complaint and strict proof is demanded.

## Claims Against Defendant Lowe's

### Negligence

32. Defendant incorporates by reference as if fully restated herein all of the preceding paragraphs of this Answer.

33. Paragraph 33 is directed to another defendant and thus requires no response. In the alternative, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 and therefore denies the same.

34. Paragraph 34 is directed to another defendant and thus requires no response. In the alternative, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 and therefore denies the same.

35. Paragraph 35 is directed to another defendant and thus requires no response. In the alternative, Defendant is without knowledge or information sufficient to

form a belief as to the truth of the allegations contained in Paragraph 35 and therefore denies the same.

36. Paragraph 36 is directed to another defendant and thus requires no response. In the alternative, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 and therefore denies the same.

<u>Breach of Express and Implied Warranty</u>

37. Defendant incorporates by reference as if fully restated herein all of the preceding paragraphs of this Answer.

38. Paragraph 38 is directed to another defendant and thus requires no response. In the alternative, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 and therefore denies the same.

39. Paragraph 39 is directed to another defendant and thus requires no response. In the alternative, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 and therefore denies the same.

<u>Misrepresentation</u>

40. Defendant incorporates by reference as if fully restated herein all of the preceding paragraphs of this Answer.

41. Paragraph 41 is directed to another defendant and thus requires no response. In the alternative, Defendant is without knowledge or information sufficient to

form a belief as to the truth of the allegations contained in Paragraph 41 and therefore denies the same.

42. Paragraph 42 is directed to another defendant and thus requires no response. In the alternative, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 and therefore denies the same.

## Violation of Tennessee Consumer Protection Act

43. Defendant incorporates by reference as if fully restated herein all of the preceding paragraphs of this Answer.

44. Paragraph 44 is directed to another defendant and thus requires no response. In the alternative, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 and therefore denies the same.

45. Paragraph 45 is directed to another defendant and thus requires no response. In the alternative, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 and therefore denies the same.

## Damages

46. This Defendant denies the allegations contained in paragraph 46 of the Complaint and strict proof is demanded.

47. This Defendant denies the allegations contained in paragraph 47 of the Complaint and strict proof is demanded.

48. This Defendant denies the allegations contained in paragraph 48 of the Complaint and strict proof is demanded.

49. This Defendant denies the allegations contained in paragraph 49 of the Complaint and strict proof is demanded.

50. This Defendant denies the allegations contained in paragraph 50 of the Complaint and strict proof is demanded.

51. By way of response to the paragraph labeled "**WHEREFORE**" directly after paragraph 50 of the Complaint, this Defendant denies that the Plaintiffs are entitled to any of the relief requested in subparagraphs (A) – (I).

52. Any and all allegations of the Complaint that have not been previously admitted, denied, or explained are hereby denied and strict proof demanded.

53. This Defendant likewise demands a 12 person jury for trial of this matter.

54. Plaintiffs' lawsuit is "frivolous, without legal or factual merit, or brought for the purpose of harassment" under Tennessee Code Annotated § 47-18-102(e)(2) and Electrolux demands its attorney's fees and the costs of this action pursuant to Tennessee Code Annotated § 47-18-102(e)(2).

WHEREFORE, having answered Plaintiffs' Complaint, this Defendant would state the following affirmative defenses:

## **AFFIRMATIVE DEFENSES**

### **FIRST DEFENSE**

Plaintiffs' Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs' claims may be barred and/or limited, in whole or in part, by the applicable Statute of Repose.

## THIRD DEFENSE

This Defendant relies upon the doctrines of comparative fault, assumption of the risk, misuse of Defendant's product, intervening cause and upon applicable statutes of limitations, and in particular, without limitation, upon all provisions of the Tennessee Products Liability Act of 1978, Tennessee Code Annotated §29-28-191, *et seq.*, and upon Tennessee Code Annotated §29-3-104 and Tennessee Code Annotated §47-2-725.

## FOURTH DEFENSE

Roy J. Johnson and Nancy C. Johnson failed to properly and adequately supervise the minor Plaintiff, and such acts or omissions were the sole cause of the minor's injuries alleged in Plaintiffs' Complaint.

## FIFTH DEFENSE

This Defendant specifically relies upon Tennessee Code Annotated §29-28-104 and asserts that, if this Defendant supplied products by which Plaintiffs allege injury, this Defendant is not liable for any such injury because this Defendant supplied those products in compliance with federal or state statutes or administrative regulations which existed at that time, and those statutes or regulations prescribed standards for design, inspection, testing, manufacture, labeling, warning and instructions for use of those products so that those products are presumed not to be in an unreasonably dangerous condition.

## SIXTH DEFENSE

Defendant relies on the doctrine of comparative fault as adopted by the Tennessee Supreme Court in <u>McIntyre v. Balentine</u>, 833 S.W.2d 52 (Tenn. 1992) and avers Plaintiffs' claims are barred in whole or in part because of acts or omissions on the part of Roy J. Johnson, Nancy C. Johnson, and others constituting negligence, so that Plaintiffs' claims are barred or liability and damages should be reduced, which acts or omissions include:

(a) Failure to keep a proper lookout while operating the product;

(b) Failure to supervise the minor Plaintiff;

(c) Failure to heed and follow instructions, directions or warnings supplied, provided or otherwise communicated or made known or available to them;

(d) Use of the product in question in a manner contrary to that for which it was suitable, designed or intended;

(e) Use of the product for a purpose and/or with intent contrary to that for which it was suitable, designed or intended.

## SEVENTH DEFENSE

The acts or omissions of Ry J. Johnson and Nancy C. Johnson were the sole cause of the incident alleged in Plaintiffs' Complaint.

## EIGHTH DEFENSE

Plaintiffs' claims are barred and recovery may be limited by virtue of the misuse of the product by Roy J. Johnson and Nancy C. Johnson.

**NINTH DEFENSE**

If a product of Electrolux's was involved as alleged, then said product subsequent to the time it left the control of the Defendant may have undergone substantial change, alteration, modification and/or abuse, and such alteration and/or abuse may have been the proximate cause of the accident alleged in Plaintiffs' Complaint.

**TENTH DEFENSE**

If Plaintiffs are entitled to receive benefits for their alleged injuries and damages from sources other than a joint tortfeasor, the amounts of these benefits shall be reduced and/or deducted from any recovery by Plaintiffs in this action in accordance with the collateral source rule.

**ELVENTH DEFENSE**

The harms for which Plaintiffs seek to recover damages were caused by an inherent characteristic of the product which is a generic part of the product that can not be eliminated without substantially compromising the product's usefulness or desirability, and which is recognized by the ordinary person with the ordinary knowledge common to the community.

**TWELFTH DEFENSE**

When the subject product left the control of Electrolux, a practical and technically feasible alternative design was not available that would have prevented the harm for which Plaintiffs seek damages without substantially impairing the usefulness or intended purpose of the product.

## THIRTEENTH DEFENSE

If a product of Electrolux's was involved as alleged, then said product was made in accordance with the state of the art existing at the time of its manufacture.

## FOURTEENTH DEFENSE

Plaintiffs' claims against Electrolux are barred under the principles set forth in Section 402(a) comment k of the <u>Restatement (Second) of Torts</u>.

## FIFTEENTH DEFENSE

Plaintiffs' claims against Electrolux are barred under the principles set forth in the <u>Restatement (Second) of Torts: Products Liability</u> and the <u>Restatement (Third) of Torts: Products Liability</u>.

## SIXTEENTH DEFENSE

Plaintiffs' damages, if any, must be reduced by any amount of damages legally caused by Plaintiffs' own failure to mitigate such damages.

Respectfully submitted this 29th day of July, 2009.

> **PAINE, TARWATER, & BICKERS, LLP**
>
> <u>/s/ Daniel C. Headrick</u>
> Dwight E. Tarwater (BPR #007244)
> John W. Elder (BPR #022775)
> Daniel C. Headrick (BPR #026362)
> 900 South Gay Street, Suite 2200
> Knoxville, TN 37902-1821
> Phone: (865) 525-0880
> *Counsel for Electrolux Home Products, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2009, a copy of the foregoing ANSWER was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

s/ Daniel C. Headrick
TN BPR #026362

**PAINE, TARWATER, AND BICKERS, LLP**
900 South Gay Street, Suite 2200
Knoxville, TN 37902-1821
Phone: (865) 525-0880
*Counsel for Electrolux Home Products, Inc.*