UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROY J. JOHNSON, ) | |
| NANCY C. JOHNSON, and ) | |
| MICHAEL and RAVEN MCCARROLL, ) | |
| as next friends of FELICITY GRACE ) | |
| MCCARROLL, a minor, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 2:09-CV-142 |
| ) | (GREER/SHIRLEY) |
| V. ) | |
| ) | |
| ELECTROLUX HOME PRODUCTS, INC., and ) | |
| LOWE'S HOME IMPROVEMENT, LLC, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and the referral of the District Court for disposition of pretrial motions and other pretrial. The Court held a hearing on June 30, 2010, to address pending motions. Mr. Roy Johnson, Ms. Nancy Johnson, Ms. Raven McCarroll, and Mr. Michael McCarroll were present at the hearing. Attorney Daniel Headrick was present representing Electrolux Home Products, Inc., ("Electrolux"), and Attorney Kenny Saffles was present representing Lowe's Home Improvement, LLC.

At a hearing held on June 2, 2010, the Court allowed the Plaintiffs' previous counsel to withdraw from this case, and the Court set a hearing for June 30, 2010, to address whether the Plaintiffs had retained counsel or intended to proceed pro se. At the hearing held June 30, 2010, the Plaintiffs presented and moved to continue the trial in this matter. Plaintiff Raven McCarroll stated that the Plaintiffs have spoken with an attorney, William J. Taylor, who was willing to represent the Plaintiffs in this case, but Attorney Taylor would not take the case with the currently set trial date.

Attorney Taylor was present in the courtroom and confirmed his reluctancy to take the case with the approaching trial date.

The Court found the Plaintiffs' request to continue to be well-taken. Accordingly, this trial shall be **CONTINUED** to **January 11, 2011**. In light of this continuance, Attorney Taylor agreed to represent the Plaintiffs in this matter, and he shall file his notice of appearance in this case, as soon as possible.

The Court reset a number of dates and deadlines to correspond to the new trial date. Thus, while the substance of the Scheduling Order [Doc. 13] remains the same, the following dates/deadlines will be substituted for those previously set by the Court:

1. Expert Disclosures: Plaintiffs' disclosures shall be made on or before **October 1, 2010**, and Defendants' disclosures shall be made on or before **October 22, 2010**;

2. Dispositive Motions shall be filed on or before **October 15, 2010**;

3. Exhibits and Witnesses shall be disclosed on or before **October 22, 2010**;

4. The Mediation Deadline is reset to **November 5, 2010**;

5. All Discovery, including the taking of depositions for proof and for discovery, shall be completed on or before **November 12, 2010**;

6. Any Daubert Motions or final pretrial filings, including the pretrial order, shall be filed on or before **November 12, 2010**;

7. Any Motions in Limine shall be filed on or before **November 23, 2010,** and any responses thereto shall be filed on or before **December 7, 2010**;

8. Jury instruction requests shall be filed on or before **December 23, 2010**; and

9. The trial of this matter shall take place on **January 11, 2011.**

The final pretrial conference in this matter will be scheduled at a later date.

Finally, the Court previously held Electrolux's First Motion to Take More Than Ten Depositions [Doc. 30] in abeyance, until the issue of Plaintiffs' representation was addressed. The Court finds that Attorney Taylor needs time to evaluate the merits of this motion and discuss the issue with Electrolux. Thus, the Court will continue to hold the motion in abeyance, to be resolved at a later telephone conference or hearing.

**IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge