| | |
|---|---|
| ROY J. JOHNSON, <br> NANCY C. JOHNSON, and <br> MICHAEL and RAVEN MCCARROLL, <br> as next friends of FELICITY GRACE <br> MCCARROLL, a minor, <br><br>    Plaintiffs, <br><br> V. <br><br> ELECTROLUX HOME PRODUCTS, INC., <br><br>    Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    No. 2:09-CV-142 <br> )    (GREER/SHIRLEY) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and the referral of the District Court for disposition of pretrial motions. Now before the Court are Defendant Electrolux's Motion to Exclude Testimony of Plaintiffs' Putative Expert Roland Chretien, III, [Doc. 91], and Defendant Electrolux's Motion to Strike Expert Affidavit and Motion for Sanctions to Exclude Expert Testimony of Jean Byarlay, M.D., [Doc. 89].

On June 27, 2011, the Court held a hearing to address these and other pending motions. Attorney William J. Taylor was present representing the Plaintiffs. Attorneys David S. Osterman and Daniel C. Headerick were present representing Defendant Electrolux Home Products, Inc., ("Electrolux").

The Court finds that the Motion to Strike Expert Affidavit and Motion for Sanctions to Exclude Expert Testimony of Jean Byarlay, M.D., is now ripe for adjudication, and for the reasons stated below, it will be **GRANTED**.

## I. BACKGROUND

In their Complaint [Doc. 1 at 8-19], the Plaintiffs allege that Plaintiff Roy Johnson and Plaintiff Nancy Johnson bought a Tappan electric range, at a Lowe's Home Improvement ("Lowe's) store in Morristown, Tennessee, on May 10, 2008. They complained to Lowe's about an odor from the range, which Lowe's told them was a "new stove" smell. Plaintiffs claim that on October 2008, they became violently ill after eating a meatloaf prepared in the oven, and thereafter, they attempted to return the stove but were turned away. The Plaintiffs claim that an "environmental test was performed in October of 2008, which revealed dangerous levels of Formaldehyde, Acetonitrie, and other chemicals within the house." [Doc. 1 at 10]. The Plaintiffs abandoned their house in November of 2008.

Plaintiffs claim that the range caused personal injury to their persons and damaged both their real and personal property. In their Complaint, the Plaintiffs seek five million dollars for personal injuries including chemical burns, skin and blood vessel damage, loss of vision, chronic sinutitis, headaches, dizziness, and chemically induced Parkinson's disease. They also seek compensation for loss of enjoyment of life, loss of earnings, the loss of their real property, and personal property, including a Nissan Altima.

Plaintiffs allege that Electrolux, the manufacturer of the Tappan range, is liable to them for these damages based upon theories of: strict products liability, negligence, breach of express and implied warranties, misrepresentation, against Defendant Electrolux.

## III. ANALYSIS

Rule 26 of the Federal Rules of Civil Procedure directs that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). In this case the Court ordered that any disclosures be made on or before November 2, 2010. Failure to comply with a discovery order, such as an order setting the deadline for expert disclosures, may result in the exclusion of testimony or other evidence at trial. See Fed. R. Civ. P. 37(b).

With this background and law in mind, the Court turns to the testimony of Jean Byarlay, M.D. The Defendant sought her exclusion from trial: (1) as a sanction for the filing of Dr. Byarlay's affidavit, allegedly in violation of the Federal Rules of Procedure, and (2) for failure to disclose her as an expert witness by the expert witness disclosure deadline of November 2, 2010.

This Court previously accepted Plaintiffs' admission in their Response [Doc. 95] that "any evidence Dr. Byarlay provides as it pertains to her providing an expert opinion as to formaldehyde exposure, should have required a prior disclosure at the expert deadline." The Court also accepted Defendant's agreement not to pursue its request for sanctions and granted the motion to the extent the Court struck the affidavit and denied it to the extent it sought further sanctions. However, the Court took under advisement the challenge regarding Dr. Byarlay's exclusion from trial as an expert witness.

Upon further and closer review of the Defendant's motion [Doc. 89] and Memorandum of Law in support thereof [Doc. 90], it appears that the thrust of Defendant's motion is to exclude her testimony as an expert witness at trial on the issues of "causation," based on Plaintiff's failure to disclose her as an expert witness, before the expert disclosure deadline expired. Defendant admits

3

it deposed Dr. Byarlay two months before the expert disclosure deadline but did so as Plaintiffs' treating dermatologist. Plaintiffs admit and agree in their response that "any evidence Dr. Byarlay provides, as it pertains to her providing an expert opinion as to formaldehyde exposure, should have required a prior disclosure at the expert deadline." [Doc. 96 at 1].

The Court has already determined that Dr. Byarlay's affidavit will not be considered in this case, including in ruling on the Defendant's Motion for Summary Judgment. [See Doc. 98]. In light of the above ruling and referenced findings, admissions, and agreements, the Court now holds that Dr. Byarlay may testify as the Plaintiff's treating physician, but she may not testify as a causation expert. Dr. Byarlay, as a treating physician, may testify within the scope of her expertise as a dermatologist as to the Plaintiffs' various medical diagnoses. However, to some degree, this decision still begs the question as to what she can and cannot testify to at trial.

Based on the Plaintiffs' filings, admissions, and agreements and based on the failure to timely disclose Dr. Byarlay as an expert witness, who is expected to offer testimony beyond that of a treating physician, Dr. Byarlay may not testify on direct examination by way of expert opinions, as to:

> (1) the cause of the Plaintiffs' symptoms and conditions, including whether or not the Plaintiffs conditions were caused by formaldehyde exposure; and
>
> (2) as to the nature, extent, or source(s) of any formaldehyde emissions or exposures to the Plaintiffs.

However, because Dr. Byarlay may testify as a treating physician, she may testify as to the Plaintiffs' stated histories and complaints. If she testifies, it is clear that this history will likely include some statements made to her by the Plaintiffs that they believed they were exposed to

4

formaldehyde. Because as a treating dermatologist Dr Byarlay would seek to treat any dermatological conditions presented based in part on their potential cause, she may testify to what Plaintiffs told her by way of history, see Fed. R. Evid. 803(4). She may also testify as to her medical diagnosis as to each Plaintiff, even if such diagnosis indicates exposure to formaldehyde. This testimony will be based on her professional and clinical experience in diagnosing and treating patients and her treating relationship with Plaintiffs. See Gass v. Marriott Hotel Serv., Inc., 558 F.3d 419, 427-28 (6th Cir. 2005); In re Aredia and Zometa Prod. Liab. Litig., 754 F.Supp.2d 934, 936-37, n. 4 (M.D. Tenn. 2010).

Dr. Byarlay will be limited in stating her diagnosis, and she may not express opinions regarding the levels of exposure, the nature or extent of such exposure, nor offer opinions regarding the source(s) of such exposures. To the extent her diagnoses or treatment conflicts with another physician's opinion, Dr. Byarlay may seek to rebut their medical opinions and bolster her own. However, she is testifying as a medical doctor as to the Plaintiffs' medical treatment and potential damages. She has been precluded as a liability or causation expert witness. As such her testimony must be confined to areas regarding medical treatment and exclude testimony regarding opinions that Plaintiff's medical conditions were due to formaldehyde exposure from the stove.

5

Case 2:09-cv-00142-JRG-CCS   Document 105   Filed 08/25/11   Page 5 of 6   PageID #: 919

## IV. CONCLUSION

Accordingly, the Defendant's prayer that Dr. Byarlay be prohibited from testifying as an expert at the trial of this matter, as contained in the Motion to Strike **[Doc. 89]**, is **GRANTED**, to the extent more fully stated above. With this Order, the Court finds that all prayers for relief contained in the Motion to Strike have been adjudicated.

**IT IS SO ORDERED**.

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge